UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: PRISCILLA ANNETTE ANDREWS,

    Debtor.

                                          /

Case No. 15-13681

Honorable John Corbett O'Meara

MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

    Appellant,

v.

PRISCILLA ANNETTE ANDREWS,

    Appellee.

                                          /

## ORDER GRANTING APPELLANT'S MOTION FOR LEAVE TO APPEAL

This matter came before the court on appellant Michigan Unemployment Insurance Agency's October 19, 2015 motion for leave to appeal. No response was filed, and no oral argument was heard.

Appellant Michigan Unemployment Insurance Agency ("Agency") seeks leave to appeal the Bankruptcy Court's October 2, 2015 Order Conditionally Granting Defendant's Motion to Dismiss. The Agency filed its Notice of Appeal pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure, asserting that the order to dismiss is an order that disposes of discrete disputes between the Agency and Andrews, namely whether penalties imposed due to fraudulently obtaining unemployment benefits are encompassed under 11 U.S.C. § 523(a)(2). However, the Agency filed this motion for leave to appeal in the alternative in case this court found the order to dismiss to be interlocutory in nature.

In bankruptcy cases, parties are entitled to appeal as of right from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). If an order "finally dispose[s] of concrete disputes within a larger case," a party is entitled to immediate review. Winget v. JP Morgan Chase Bankr, N.A., 537 F.3d 565, 578 (6th Cir. 2008). The Agency contends,

> in this adversary proceeding case, there are no more issues pending with the Bankruptcy Court. While the Court's Order to Dismiss only ruled on the penalties alleged in the Agency's adversary complaint, the parties have since entered into a consent judgment as to her remaining debt . . . . Thus, no issues in the Agency's adversary proceeding remain pending before the Bankruptcy Court, and the Agency's appeal of the Order to Dismiss is therefore by right.

Appellant's br. at 7. The court agrees that the order to dismiss is a final, appealable ruling and that the Agency's appeal is by right.

The court also agrees with the Agency that even if the order were not appealable under 28 U.S.C. § 158(a)(1), it would be appealable under § 158(a)(3). A party seeking review of a bankruptcy court's interlocutory order

> must show: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.

In re Gray, 447 B.R. 524, 533 (E.D. Mich. 2011). In this case the Agency's appeal satisfies each of those requirements.

## **ORDER**

For all of the reasons stated above, it is hereby **ORDERED** that the Agency's October 19, 2015 motion for leave to appeal is **GRANTED.**

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: January 6, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 6, 2016, using the ECF system.

                                      s/William Barkholz
                                      Case Manager